UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT TURNER,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF COEUR D'ALENE, a municipal corporation and political subdivision of the State of Idaho,<br><br>        Defendant. | Case No. 2:21-cv-00144-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant City of Coeur d'Alene's (the "City") Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 7. Having reviewed the record and briefs, the Court finds that the parties have adequately presented the facts and legal arguments. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without a hearing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

Plaintiff Robert Turner was a lieutenant in the Coeur d'Alene Police Department (the "Department"). This suit arises from the events leading up to and surrounding his termination.

On June 7, 2018, Turner and another police officer, Officer Justin Bangs, were in the Department parking lot. Officer Bangs told a police dog to "watch that guy," referring to Turner. Believing Officer Bangs was about to deploy the dog on him, Turner drew his gun. Security cameras recorded the incident, and the Department began an investigation. The Department concluded that the dog did not threaten Turner and Officer Bangs's statement was conversational rather than commanding. During the investigation, Turner was placed on administrative leave.

Administrative leave operated akin to "house arrest" according to Turner's Complaint. Dkt. 1, at 37. Turner also alleges that leading up to these events, the police chief, Lee White, and another officer, Captain David Hagar, mistreated him and retaliated against him for speaking out against the hiring of Captain Hagar.

After the investigation, Turner received notice of his pre-termination hearing, which was held on November 6, 2018. After the hearing, the Department issued Turner a written notice of termination, effective November 9, 2018. Two days later, Turner filed a claim for unemployment benefits. Then on December 14, 2018, Turner submitted his written notice of appeal to the City. After an appeal hearing, the Personnel Appeals Board issued a decision on March 29, 2019, finding that Turner's termination was appropriate. The City accepted that decision during a regular meeting on April 2, 2019.

Turner filed this suit on March 29, 2021. Dkt. 1. He brings two § 1983 Due Process claims and three state law claims for breach of contract, negligent supervision, and negligent infliction of emotional distress. *Id*. Turner submitted notice of the state claims to the City on September 25, 2019. At issue now is whether his federal and state law tort

MEMORANDUM DECISION AND ORDER - 2

claims are barred by the statute of limitations and whether all of his state law claims are barred because notice was not timely filed according to Idaho Code § 6-906.

### III. LEGAL STANDARD

#### A. Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

#### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. DISCUSSION

In its Motion to Dismiss, the City argues that Turner's federal claims and state law tort claims are barred by the statute of limitations. Additionally, the City argues that all of the state law claims are barred because Turner did not submit notice to the City of these claims within 180 days of when they arose as required by the Idaho Tort Claims Act ("ITCA").

Neither party disputes the dates of the events in question or the applicable two-year statute of limitations period. Rather, Turner argues that the date of accrual is not the date of his termination—November 9, 2018—but the date the City formally accepted the

MEMORANDUM DECISION AND ORDER - 4

Personnel Appeals Board's decision—April 2, 2019.

## A. Statute of Limitations

The statute of limitations for Turner's federal claims and his state law tort claims is two years.[1] His state law tort claims for negligent supervision and negligent infliction of emotional distress fall under the two-year statute of limitations in Idaho Code § 6-911. And his federal § 1983 claims are subject to the statute of limitations borrowed from state personal injury tort law. *See Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002). In Idaho, personal injury actions have a two-year statute of limitations. Idaho Code § 5-219(4).

### 1. Federal Claims

While § 1983 claims borrow the statute of limitations from state law, the date of accrual is governed by federal law. *Flynt v. Shimazu*, 940 F.3d 457, 461–62 (9th Cir. 2019). The cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of their action." *Morales v. City of L.A.*, 214 F.3d 1151, 1154 (9th Cir. 2000). To determine timeliness in employment cases, the Court must "identify precisely the 'unlawful employment practice' of which [the plaintiff] complains." *Del. State Coll. v. Ricks*, 449 U.S. 250, 257 (1980).

In his first § 1983 claim, which alleges a violation of procedural due process, Turner contends the City "failed to provide [him] with constitutionally adequate due process when

---

[1] The City does not argue that the breach of contract claim is barred by the statute of limitations. A contract claim has a four-year statute of limitations if the contract was oral and a five-year statute of limitations if the contract was written. Idaho Code §§ 5-216, 5-217.

they terminated his employment." Dkt. 1, ¶ 53. He also alleges the City "failed to adopt official policies, customs and practices that were necessary to prevent procedural due process violations from occurring." *Id.* at ¶ 54. And he adds that the City failed to provide adequate training regarding the proper parameters of termination. *Id.* at ¶¶ 56–57.

Then in his second § 1983 claim, which alleges a violation of substantive due process, Turner argues the City acted arbitrarily and capriciously in (1) terminating his employment; (2) failing to protect him from harassment and retaliation by other officers; and (3) failing to adequately train supervisory employees. *Id.* at ¶¶ 63–70.

The City argues that these alleged injuries all arise before or at the time of his termination. In the City's view, Turner had notice of these claims no later than the date of his termination—November 9, 2018.

However, Turner asserts this is not a wrongful termination case and that he did not have notice of the due process violations until April 2, 2019, when the City affirmed his termination. For support, Turner relies on *Hoesterey v. City of Cathedral City*, 945 F.2d 317 (9th Cir. 1991). Turner argues that, like the claim in *Hoesterey*, his claim is not for wrongful termination but rather a due process violation. He interprets *Hoesterey* as holding "that notice of *termination* was insufficient to put the Employee on notice that his *due process rights* were violated." Dkt. 12, at 6. Relying on *Hoesterey*, Turner argues that the statutory period began only when the termination decision was final and there would be no further process. He says that there was not a final termination decision until he lost his appeal and the City affirmed the decision of the Personnel Appeal Board.

Turner's reliance on *Hoesterey* is misplaced. In *Hoesterey*, the employee received

only "simple oral notification of the decision to terminate him at a later time," and the Ninth Circuit found that this was insufficient to alert him that "no more process would be forthcoming *prior* to termination." *Hoesterey*, 945 F.2d at 320 (emphasis added). The court explained that "to trigger the statute of limitations, the [employee] needed to have received notice, not only of the termination decision, but also that the decision was final and that it would be followed by no further process." *Id.* Because there was no pretermination hearing, he would get that notice only on the last day of his employment. *Id.*

Significantly, in *Hoesterey*, the precise employment practice at issue was the failure to give the employee a pretermination hearing. *Id.* There was no process beyond oral notification. *Id.* Whereas here, Turner challenges the process he received at his pretermination hearing and before it. In his brief, he reiterates the processes he is challenging:

> First Plaintiff's superior officers engaged in a pattern of retaliatory conduct against Plaintiff *prior to the incident* with Officer Bangs. Dkt. 1, ¶ 18. The Department forbade Plaintiff from talking to witnesses to the incident, limiting Plaintiff's ability to build a defense to the Department's allegations against him. Dkt. 1, ¶ 37. The Department included restrictions in Plaintiff's *administrative leave* that were equivalent to placing Plaintiff on house arrest. Dkt. 1, ¶¶ 37–39. The Department used procedures *at Plaintiff's pre-termination hearing* that were contrary to procedures approved by the City. Dkt. 1, ¶ 40.

Dkt. 12, at 2 (emphases added).

Even if he did not have notice of his claims at the time of his pretermination hearing, he certainly had notice on the last day of his employment just as the plaintiff did in *Hoesterey*. *See Hoesterey*, 945 F.2d at 320. Turner's termination was final on November 9, 2018.

MEMORANDUM DECISION AND ORDER - 7

While there was an appeal process, which Turner used, Turner does not allege any due process violations stemming from those hearings. Simply put, he alleges no injuries occurring after November 9, 2018. Similarly, in *Gibson v. Ada County*, 133 P.3d 1211, 1220 (Idaho 2006), a terminated employee alleged in her complaint discriminatory actions in the process leading up to termination and the actual termination itself. That employee then tried to argue that her claim accrued during the grievance process after her termination. *Id.* The Idaho Supreme Court disagreed. *Id.* The court emphasized that "[h]er Complaint reveal[ed] no allegations of discrimination in this review process." *Id.* Notice of termination was the "final decision as to the Status of [her] employment," and her claim accrued when she was terminated. *Id.*

Because Turner's federal claims accrued by the time of his termination, they are barred by the two-year statute of limitations.

### 2.  *State Law Tort Claims*

With respect to the state law tort claims, the statutory period begins to run when "the claim arose or reasonably should have been discovered." Idaho Code § 6-911. This is true even if the full extent of the damages may be unknown or unpredictable at that time. *Ralphs v. City of Spirit Lake*, 560 P.2d 1315, 1317 (Idaho 1977). Knowledge of facts which puts a reasonably prudent person on inquiry is the equivalent to knowledge of the wrongful act and will start the running of the limitations period. *Newlan v. State*, 535 P.2d 1348, 1354 (Idaho 1975).

Turner brings two state law tort claims: (1) negligent supervision, training, and investigation; and (2) negligent infliction of emotional distress. The negligent supervision

claim is based on his allegation that the City failed to adequately train supervising employees so as to prevent his wrongful termination. Dkt. 1, at ¶ 79. And the claim for negligent infliction of emotional distress is based on the same alleged failure by the City to adequately train supervising employees so as to prevent his wrongful termination. *Id.* at ¶ 83.

These claims suffer the same fatal flaw as the federal claims. They both are based on events happening on or before the date of his termination. When he was terminated, Turner knew of, or reasonably should have known of, the facts underlying each of these claims. Therefore, the two-year statute of limitations bars his state law claims.

### B.  Idaho Tort Claims Act

Additionally, all of the state law claims, including the breach of contract claim, are barred by the notice requirement in ITCA.  "All claims for damages against a city must be filed as prescribed by chapter 9, title 6 . . . ." Idaho Code § 50-219. The Idaho Supreme Court "has construed Section 50-219 'to require that a claimant must file a notice of claim for all damage claims, tort or otherwise, as directed by the filing procedure set forth in I.C. § 6-906.'" *Turner v. City of Lapwai*, 339 P.3d 544, 547 (Idaho 2014) (quoting *Sweitzer v. Dean*, 798 P.2d 27, 31 (Idaho 1990)). This includes contract claims for damages. *Brown v. City of Caldwell*, 769 F. Supp. 2d 1256, 1261 (2011) (holding that the notice requirement applies to contract claims because "Idaho Code § 50-219 applies to . . . common law breach of contract claims"); *see also Turner*, 339 P.3d at 546–47 (applying Idaho Code §§ 50-219 and 6-906 to claims for unpaid compensation and for reimbursement of expenses); *Scott Beckstead Real Estate Co. v. City of Preston*, 216 P.3d 141, 144 (Idaho 2009) (applying

the notice requirement to claim for unjust enrichment); *Sweitzer*, 798 P.2d at 31 (explaining the relationship between § 50-219 and § 6-906).

Section 6-906 provides that for claims brought for damages against a political subdivision, notice must be filed with clerk of the subdivision:

> All claims against a political subdivision arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

Idaho Code § 6-906.

Turner does not dispute that the notice requirement applies to all of his state law claims. Like his tort claims, his contract claim is for damages. Dkt. 1, at 14–15. Therefore, the notice requirement of § 6-906 applies to each of his state law claims. The only question is whether he satisfied that notice requirement.

Knowledge of facts which would put a reasonably prudent person on inquiry is the equivalent to knowledge of the wrongful act and will start the running of the 180-day period. *Mitchell v. Bingham Mem'l Hosp.*, 942 P.2d 544, 547 (Idaho 1997). The notice requirement is a jurisdictional issue. *Petty v. Bonner Cty.*, 2011 WL 1484120, *2–3 (D. Idaho March 30, 2011). As such, the standard for dismissal is that of Rule 12(b)(1) rather than Rule 12(b)(6).

The Government contends the claims accrued no later than November 9, 2018, when Turner was terminated. That gave Turner only until May 7, 2019, to file his notice with the city clerk.

MEMORANDUM DECISION AND ORDER - 10

Like Turner's argument regarding the statute of limitations, his argument here rests on the assumption that the clock did not start running until April 2, 2019, when the City affirmed his termination after appeal. If the clock started running then, he would have had until September 29, 2019, to file notice of his claims. Based on that deadline, Turner says he complied with the Act because he filed notice of his claims on September 25, 2019.

Beyond the arguments that he makes regarding the statute of limitations, Turner adds here that he was required to exhaust his administrative remedies before bringing these state law tort claims. He argues that until he exhausted these remedies, he could not have brought his action in court, so the controlling date is April 2, 2019, when the City Council affirmed his termination.

For this he relies on *Peterson v. City of Pocatello*, 786 P.2d 1136, 1138 (Idaho Ct. App. 1990), and *Pounds v. Denison*, 766 P.2d 1262, 1265 (Idaho Ct. App. 1988). "Where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." *Pounds*, 766 P.2d at 1264.

But here, Turner does not identify any statute providing an administrative remedy for his state law claims. Idaho Code § 67-5271 provides that judicial review of an agency action is available only after exhaustion of administrative remedies, but this statute "governs judicial review of *state* rather than *local* agency actions." *Gibson*, 133 P.3d at 1218. Thus, this statute does not apply here and neither do the laws providing administrative remedies in *Pounds* and *Peterson*. In *Pounds*, the plaintiff had to first exhaust administrative remedies afforded under the Idaho Personnel System Act, which is

applicable only to classified state employees. *Id.*; *see* Idaho Code §§ 67-5301–5339. And

in *Peterson*, specific Pocatello City regulations provided the administrative remedies.

*Peterson*, 786 P.2d at 1138–39. Furthermore, Turner makes no allegation that he sought

administrative remedies for his state law claims. While he appealed his termination, he did

not seek remedies specifically for the City's alleged negligence and breach of contract. To

the extent that the administrative remedies he pursued concerned his underlying due

process claims regarding how he was terminated,[2]  exhaustion was not required in advance

of filing suit. *Patsy v. Bd. of Regents of the State of Fla.*, 457 U.S. 496, 501 (1982) (holding

that "exhaustion is not a prerequisite to an action under § 1983"); *see also Gibson*,133 P.3d

at 1218 (holding that a terminated employee "was not required to exhaust her

administrative remedies prior to filing suit").

Moreover, the ITCA does not provide for tolling of the 180-day period while a

plaintiff exhausts administrative remedies. *See Acheson v. Fleming*, 2018 WL 563150, at

*3–4 (D. Idaho Jan. 25, 2018) (concluding that the date the ITCA period began to run was

the same date as when the administrative grievance period began to run).

Turner needed to file notice of these claims within 180 days of the date when he

knew or reasonably should have known of the wrongful act. Because he failed to do so,

these claims are barred under Idaho Code § 6-609.

---

[2] Turner's breach of contract claim is based on his alleged unlawful termination. Dkt. 1, at ¶ 76.
In his negligent supervision claim, Turner alleges that the harm comes from the City failing in its
duty to protect him from unlawful termination. *Id.* at ¶ 79. Likewise, in Turner's negligent
infliction of emotional distress claim, he alleges that the City harmed him by terminating his
employment. *Id.* at ¶ 83.

### C. Possibility of Amendment

The City asks that this Court dismiss the complaint without leave to amend. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) . . . by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (cleaned up). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Turner's claims are time-barred. An amendment would be futile if it did not allege an injury after his termination or allege circumstances that tolled the statute of limitations. However, because Turner does argue in his brief that the injuries he suffered occurred within the two-year statutory period, the Court will allow him to amend his Complaint so that he may allege facts, if they exist, of those injuries to substantiate this argument.

## V. ORDER

The Court HEREBY ORDERS:

1. Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

3. The Court **GRANTS** Plaintiff leave to file an Amended Complaint. Plaintiff has thirty (30) days to do so. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: December 3, 2021

David C. Nye
Chief U.S. District Court Judge